OPINION
{¶ 1} Defendant-appellee Donald Steineman was charged by indictment with two counts of Domestic Violence, and one count of Abduction. Upon Steineman's motion, both counts of Domestic Violence were dismissed. The State appeals.
 {¶ 2} The State's sole assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DECLARED REVISED CODE SECTION 2919.25, UNCONSTITUTIONAL, AS IT RELATES TO COHABITATING PARTNERS, PURSUANT TO ARTICLE 15, SECTION11 OF THE OHIO CONSTITUTION."
 {¶ 4} For the reasons set forth in State v. Ward (March 24, 2006), Greene App. No. 2005-CA-75, we agree with the trial court that the extension of the protections of the Domestic Violence statute, R.C. 2919.25(F)(1)(a)(i), to "a person living as a spouse" violates the Defense of Marriage amendment to the Ohio Constitution, Article XV, Section 11.
 {¶ 5} Besides arguing that the extension of the protections of the Domestic Violence statute to "a person living as a spouse" does not violate the Defense of Marriage amendment, the State contends that the second count of the indictment should not have been dismissed, because the victim in that count was not "a person living as a spouse," but was Steineman's adopted three-year-old child.
 {¶ 6} The counts in the indictment do not specify the identity of the victims. Each of the Domestic Violence counts simply alleges that Steineman knowingly caused or attempted to cause physical harm "to a family or household member." This charges an offense in the words of R.C. 2919.25(A), which provides:
 {¶ 7} "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 8} "Family or household member" is defined in R.C.2919.25(F), which includes within its terms a spouse, a person living as a spouse, a former spouse, a parent, or a child of the offender, among others, if that person is residing, or has resided, with the offender.
 {¶ 9} Although the counts in the indictment do not identify the victims of the two alleged Domestic Violence offenses, and there is no bill of information or other document in the record identifying the victims of those offenses, it must have been commonly understood by both parties and by the trial court that the victim of one of the counts, at least, was "a person living as a spouse" of the offender, since the arguments of the parties, both in the trial court and on appeal, and the reasoning of the trial court in its decision are all based upon that assumption.
 {¶ 10} In its brief, the State asserts that the victim of the Domestic Violence alleged in Count II of the indictment is not "a person living as a spouse" of the offender, but is, in fact, the three-year-old adopted child of the offender. Steineman, in his answer brief, does not deny this. Therefore, since there is nothing in the record to contradict this assertion, we will assume, for purposes of this appeal, that the victim of the Domestic Violence alleged in Count I of the indictment is "a person living as a spouse" of Steineman, and the victim of the Domestic Violence alleged in Count II of the indictment is Steineman's adopted child. This is without prejudice, of course, to any factual assertion Steineman may wish to make in the trial court that the victim of the Domestic Violence alleged in Count II is not, in fact, his adopted child.
 {¶ 11} The point, of course, is that although we agree with the trial court's decision to dismiss Count I of the indictment, because we agree with the trial court's conclusion that it is based on a statutory provision, R.C. 2919.25(F)(1)(a)(i), that violates Article XV, Section 11, of the Ohio Constitution, Count II appears to suffer from no similar infirmity. Therefore, we agree with the State that the trial court erred when it dismissed Count II.
 {¶ 12} The State's actual assignment of error is overruled. However, we agree with the argument it has made, in connection with its assignment of error, that Count II was erroneously dismissed.
 {¶ 13} That part of the trial court's order dismissing Count I is Affirmed; that part of the trial court's order dismissing Count II is Reversed; and this cause is Remanded for further proceedings.
 . . . . . . . . . . . . .
Brogan, J., concurs.